THE STATE ex rel. FLENTGE, Collector, v.
GAWRONSKI et al., Appellants.

### Division One, February 10, 1904.

**Tax Judgment Against Minor: MOTION TO QUASH EXECUTION: APPEAL.** An appeal from an order of the circuit court overruling a motion to quash an execution issued on a judgment for taxes against real estate for $46.65, the motion being founded on the averment that the defendant was a minor, and had no guardian, and no guardian *ad litem* was appointed for her, does not so involve the revenue laws, nor so involve title to real estate, as to give the Supreme Court jurisdiction of the appeal.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Robert L. Wilson* and *Frank E. Burrough* for appellants.

The judgment against Flora C. Gawronski being rendered against her while a minor, without a guardian, is voidable, and with the allegation of the guardian that she had a good defense, should have been vacated by the court. The court will establish or vacate a voidable judgment at the option of an infant. Townsend v. Cox, 45 Mo. 401. The judgment rendered in this case was irregular. It was in the power of the court to vacate the judgment at any time within three years after its rendition. R. S. 1899, sec. 795; Craig v. Smith, 65 Mo. 536; Shawles v. Freeman, 81 Mo. 540; State ex rel. v. Tate, 109 Mo. 265. A court has power to control its process so as to see that no injustice be done. Bryant v.

Russell, 127 Mo. 422. The assessment made by the assessor was made against John Gawronski, and the back taxbill was made against him. Under the law it could not be made properly against any one else. The payment of taxes is alone incumbent upon the life tenant. The interest of the remainderman is not subject to taxation, nor liable for payment of taxes which become a lien upon the land before the death of the life tenant. The law requires a tenant for life to pay ordinary taxes. Even after the death of the life tenant, the taxes are to be paid out of the estate if they become an incumbrance before his death. Brodie v. Parsons, 64 S. W. 426; Bone v. Tyrrell, 113 Mo. 188; Rayburn v. Wallace, 93 Mo. 326; Hilderbrandt, Trustee, v. Wolff, 79 Mo. App. 333; 1 Wash., Real Prop. (3 Ed.), p. 112. The record shows that this property was bought in by the officers of the court. The property was worth $2,500. The amount realized at the sale yielded nothing to the State. If this minor, without father or mother, must be plunddered, let it redound to the public benefit, but not by officers of the court for their personal gain, whose duty it is to protect, not to rob the orphan.

*John A. Hope* for respondent.

(1) The Supreme Court has no jurisdiction. This is an appeal from an order of the circuit court overruling a motion to vacate a judgment for taxes amounting to $46.65 against real estate owned by two defendants, one of whom was a minor at the date of the judgment. The ground of the motion is that no guardian *ad litem* was appointed for the minor. We do not understand that this involves a construction of the revenue law or in any other way comes within the appellate jurisdiction of this court. (2) The circuit court did not err in overruling the motion to quash the execution. The fact that the judgment was rendered against the minor without appointment of a guardian *ad litem* did not make

the judgment void; it was merely an irregularity of which no advantage could be taken by motion to quash the execution, which was a collateral attack on the judgment. (3) We regard the last motion filed by the defendant as a motion under the statute (Sec. 795, R. S. 1899) to vacate the tax judgment and being such the court properly overruled it because the irregularity complained of, viz., the minority of defendant and failure to appoint a guardian *ad litem,* did not appear upon the face of the record. So far as the record shows, the proceedings in the tax suit were perfectly regular. To authorize the granting of such a motion "the irregularity must be patent of record and can not be shown by matter *dehors* the record." Phillips v. Evans, 64 Mo. 22; Harbor v. Railroad, 32 Mo. 423; Rankin v. Lawton, 17 Mo. App. 576. (4) In regard to defendant's complaint that payment of taxes is incumbent alone on her co-defendant, John Gawronski, the life tenant, and not on her as owner of the remainder, this may be true as between owners of the property, but as between the State enforcing its tax lien on the one hand, and the owners of the property on the other, this principle has no application. A tax suit is a proceeding *in rem* against the property to enforce the lien of the State on that property and the title of the remainderman as well as the life tenant is subordinate to that lien. Allen v. McCabe, 93 Mo. 144.

VALLIANT, J.—This is an appeal from an order of the circuit court overruling a motion to quash an execution.

The record before us shows, first, a motion by Flora C. Gawronski "to quash the execution issued on the judgment in the above styled cause, and to vacate said judgment" upon the ground that she was, at the time the judgment was rendered and still was when the motion was filed, a minor, and had no guardian, and there was

no guardian *ad litem* appointed for her. That motion was overruled.

Then another motion was filed in the name of the minor, by J. W. Morrison who, it was averred, had been appointed "guardian of the person and estate" of the minor after the rendition of the alleged judgment, which motion was also to quash the same execution and vacate the judgment on the same grounds as stated in the former motion. The evidence in support of the motion is set out in the transcript of the record. That motion was also overruled and from that order this appeal was taken.

By the statements in the briefs of the counsel we are informed that the judgment to which the motions related was rendered in the circuit court in a suit wherein the State at the relation of the tax collector of Cape Girardeau county was plaintiff and John Gawronski and Flora Gawronski were defendants, the object of which was to collect the State and county taxes on certain real estate in the petition mentioned; that the summons was served on both defendants, but they did not appear, and the court rendered judgment against them for the taxes, amounting to $46.65, and awarded a special execution to issue to sell the land to satisfy the judgment. But the record before us gives us no information as to the judgment or the petition on which it was founded.

Appellant contends that the judgment was invalid and the motion to set it aside and quash the execution ought to have been sustained because it was rendered against a minor who had no guardian to represent her interests. Appellant also contends that the cause is within the jurisdiction of this court because the judgment sought to be vacated is for taxes, and therefore the consideration of the case involves the construction of the revenue laws of the State.

Since the record before us does not show what the suit was about or what the judgment was, we can take no cognizance of it. But, even if we resorted for informa-

tion to the statements in the briefs of counsel outside of the record, we can find no case that is within the jurisdiction of this court. A consideration of the motion to vacate the judgment and quash the execution on the ground that the appellant was only ten years old when the judgment was rendered does not involve a construction of the revenue laws of the State, neither is title to real estate involved. We have no jurisdiction of the case and it is therefore transferred to the St. Louis Court of Appeals.

All concur.